1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   HARVEY WOOTEN, JR.,

11            Plaintiff,                          No. 2:12-cv-426 EFB

12       vs.

13   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security,
14
              Defendant.                          ORDER
15   _____/

16        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

17   ("Commissioner") denying his applications for a period of disability and Disability Insurance

18   Benefits ("DIB") and for Supplemental Security Income ("SSI") under Titles II and XVI of the

19   Social Security Act.  The parties' cross-motions for summary judgment are pending.  For the

20   reasons discussed below, the court grants plaintiff's motion and remands the matter for further

21   proceedings.

22   I.       BACKGROUND

23        Plaintiff protectively filed applications for a period of disability, DIB, and SSI benefits

24   on March 11, 2008, alleging that he had been disabled since February 22, 2008.  Administrative

25   Record ("AR") 69-70, 159-167.  Plaintiff's applications were initially denied on April 29, 2008,

26   and upon reconsideration on August 27, 2008.  *Id*. at 73-76, 81-86.  On June 10, 2010, a hearing

                                                1

was held before administrative law judge ("ALJ") Timothy Terrill. *Id.* at 29-55.[1]  Plaintiff was represented by counsel at the hearing, at which he, a third-party witness, and a vocational expert ("VE") testified. *Id.*

On June 24, 2010, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(I), 223(d), and 1614(a)(3)(A) of the act.[2]  *Id.* at 17-23.  The ALJ made the following specific findings:

1.    The claimant meets the insured status requirement of the Social Security Act through December 31, 2013.

---

[1]  The hearing was originally scheduled for September 15, 2009, but was continued to allow plaintiff to obtain counsel.  *See* AR 57-68.

[2]  Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*.  Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  *Yuckert,* 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  *Id.*

2.   The claimant has not engaged in substantial gainful activity since February 22, 2008, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3.   The claimant has the following severe impairments: learning disorder, borderline intellectual functioning, and/or dyslexia.  Mental retardation has not been definitively established as medically determinable by way of objective clinical or laboratory diagnostic criteria (20 CFR 404.1520(c) and 416.920(c)).

* * *

4.   The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

* * *

5.   After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of work at all exertional levels but with the following nonexertional limitations: simple routine repetitive work, with occasional public contact, and limited reading and writing.

* * *

6.   The claimant is capable of performing his past relevant work.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity  (20 CFR 404.1565 and 416.965).

* * *

7.   The claimant has not been under a disability, as defined in the Social Security Act, from February 22, 2008, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

*Id.* at 19-22.

Plaintiff requested that the Appeals Council review the ALJ's decision, *id.* at 11-13, and on November 18, 2011, the Appeals Council denied review, leaving the ALJ's decision as the final decision of the Commissioner.  *Id*. at 1-3.

II.   LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were

3

1   applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000);

2   *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*,

3   180 F.3d 1094, 1097 (9th Cir. 1999).

4         The findings of the Commissioner as to any fact, if supported by substantial evidence, are

5   conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is

6   more than a mere scintilla, but less than a preponderance.  *Saelee v. Chater*, 94 F.3d 520, 521

7   (9th Cir. 1996).  "'It means such evidence as a reasonable mind might accept as adequate to

8   support a conclusion.'"  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol.*

9   *Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

10         "The ALJ is responsible for determining credibility, resolving conflicts in medical

11   testimony, and resolving ambiguities."  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

12   2001) (citations omitted).  "Where the evidence is susceptible to more than one rational

13   interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

14   *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

15   III.   <u>ANALYSIS</u>

16         Plaintiff argues that the ALJ erred by (1) determining that plaintiff did not satisfy the

17   12.05(c) listing impairment at step-three; (2) rejecting lay witness testimony without

18   explanation; (3) rejecting plaintiff's testimony without providing clear and convincing reasons;

19   and (4) failing to pose a hypothetical to the VE that included all of plaintiff's limitations.  Pl.'s

20   Mot. for Summ. J., ECF No. 17 at 6-15.[3]

21         Plaintiff contends that the ALJ erred by failing to find that he meets or equals Listing

22   12.05(C).  At step three of the sequential evaluation process, the ALJ determines whether a

23   claimant's impairment or combination of impairments meet or equals an impairment listed in 20

24   C.F.R. Part 404, Subpart P, Appendix 1.  Where a claimant's impairment or impairments meets

25   

26         [3]  The page numbers cited herein refer to those assigned by the court's electronic filing system and not those assigned by the parties.

1   or equals a listed impairment in appendix 1, the claimant is *per se* disabled.  20 C.F.R.

2   § 404.1520(d).  "Once a *per se* disability is established, the ALJ has no discretion; he must

3   award benefits."  *Young v. Sullivan*, 911 F.2d 180, 183 (1990).

4        Listing 12.05 provides in part:

5   Mental retardation refers to significantly subaverage general intellectual
    functioning with deficits in adaptive functioning initially manifested during the
6   developmental period; i.e., the evidence demonstrates or supports onset of the
    impairment before age 22.
7

8        To satisfy subsection C of § 12.05, the claimant must also show "[a] valid verbal,

9   performance, or full scale IQ of 60 through 70 and a physical or other mental impairment

10  imposing an additional and significant work-related limitation of function."

11       Without elaboration, the ALJ stated that he considered 12.05(C), but that the evidence

12  failed to establish the presence of the criteria for that listing.  AR 20.  The ALJ's decision,

13  however, makes no reference to any of plaintiff's IQ scores.  An evaluating psychologist, Dr.

14  Sanchez, Ph.D., gave plaintiff a WAIS-III IQ test on November 30, 2007.  AR 286, 288.

15  Plaintiff's verbal IQ was 67, his performance IQ was 80, and his full scale IQ was 71.  *Id.*  Thus,

16  plaintiff's verbal IQ scores was in the required range for 12.05(C).  The ALJ did not discredit, or

17  even mention, Dr. Sanchez's IQ testing.

18       Notwithstanding plaintiff's IQ score within the listed range of 12.05(C), defendant argues

19  that "Plaintiff did not meet the listing for mental retardation because Plaintiff never established

20  that he actually was diagnosed with mental retardation."  Def.'s Mot. for Summ. J., ECF No. 20

21  at 8.  There is no requirement, however, that a plaintiff must first be diagnosed with mental

22  retardation in order to satisfy the listing.  *Christner v. Astrue*, 498 F.3d 790, 793 (8th Cir. 2007);

23  *Clark,  v. Astrue*, No. CIV S-10-2863 GGH, 2012 WL 423632, *4 (E.D. Cal. Feb. 8, 2012);

24  *Lewis v. Astrue*, No. C 06-6608 SI, 2008 WL 191415, *5 (C.D. Cal. Jan. 22, 2008).

25       The next question, then, is whether the evidence demonstrates or supports onset of the

26  impairment before age 22.  A claimant is not required to produce an IQ score prior to age 22 in

order to meet the listing.  *See Gomez v. Astrue*, 695 F. Supp. 2d 1049, 1061 (C.D. Cal. 2010).

Several circuits have held that an adult IQ score creates a rebuttable presumption that the

impairment existed before the age of 22.[4]  *See Hodges v. Barnhart*, 276 F.3d 1265, 1268–69

(11th Cir. 2001) (IQ tests after age 22 satisfy the listing criteria and "create a rebuttable

presumption of a fairly constant IQ throughout life") (citing *Muncy v. Apfel*, 247 F.3d 728, 734

(8th Cir. 2001), *Luckey v. U.S. Dept. Of Health and Human Services*, 890 F.2d 666, 668 (4th Cir.

1989)).  Courts within the Ninth Circuit are split.  *Compare*, *e.g.*, *Forsythe v. Astrue*, 2012 WL

217751, (E.D. Cal. Jan. 24, 2012) (collecting cases and adopting presumption); *Jackson v.

Astrue*, 2008 WL 5210668 (C.D. Cal. Dec.11, 2008) at *6 ("several circuits have held that valid

IQ tests create a rebuttable presumption of a fairly constant IQ throughout a claimant's life  . . . .

The Court finds the reasoning of the Seventh, Eighth, and Eleventh Circuits to be persuasive");

*Schuler v. Astrue*, 2010 WL 1443882 (C.D. Cal. Apr. 7, 2010) at *6 ("a valid qualifying IQ score

obtained by the claimant after age 22 creates a rebuttable presumption that the claimant's mental

retardation began prior to the age of 22, as it is presumed that IQ scores remain relatively

constant during a person's lifetime"); *with Clark v. Astrue*, 2012 WL 423635 (E.D. Cal. Feb. 8,

2012) (declining to adopt rebuttable presumption); *Rhein v. Astrue*, 2010 WL 4877796 at *8

(E.D. Cal. Nov. 23, 2010) (finding rebuttable presumption would remove plaintiff's burden at

step three).

Those cases adopting the rebuttable presumption test are persuasive and adopted here.

The next question then is whether the presumption could be rebutted on remand, that is, whether

evidence in the record could show that the onset of plaintiff's impairment was actually after age

22.  Medical records and plaintiff's testimony indicates that plaintiff received special education

/////

/////

---

[4]  The parties do not specifically address whether plaintiff's mental impairment existed prior to age 22.

1    services in school,[5] and that he struggled in reading, spelling, and math.  AR 34, 287.  This

2    suggests that plaintiff had problems with intellectual functioning at an early age.  However, the

3    record also contains a July 1997 vocational evaluation report completed by Frank Wang,

4    Vocational Evaluator, which indicates that all of plaintiff's IQ scores were above 70 in 1997.  *Id.*

5    at 279-281.  The ALJ made no findings as to whether the evidence of record was sufficient to

6    rebut the presumptions, and neither party addresses the issue here.[6]

7          Plaintiff also argues that ALJ failed to properly evaluate the second prong of listing

8    12.05(c).  Specifically, plaintiff argues that his learning disorder and dyslexia, which the ALJ

9    found to be severe impairments, constitute additional mental impairments imposing an additional

10   and significant work-related limitation.  Pl.'s Reply, ECF No. 21 at 5.  According to the

11   Diagnostic and Statistical Manual of Mental Disorders, Fourth Addition ("DSM-IV"), an

12   individual can be diagnosed with mental retardation, which has the essential feature of

13   subaverage intellectual functioning, and a separate learning disorder "if the specific deficit is out

14   of proportion to the severity of the Mental Retardation."  DSM-IV at 47.  Medical records

15   indicate that plaintiff has been diagnosed with Learning Disorder, Not Otherwise Specified,

16   Borderline Intellectual Functioning, and rule out Mental Retardation.  AR 290.  It is unclear from

17   the ALJ's decision, however, whether he actual found that plaintiff had a severe learning

18   disorder separate from his impaired intellectual functioning; i.e. dyslexia.  *See* DSM-IV at 51

19   (stating that dyslexia, or reading disorder, is a type of learning disorder).  The ALJ addressed

20

21        [5] A medical report indicates that plaintiff was placed in special education classes
     beginning in seventh grade, AR 287, while testimony indicates that he began receiving special
22   education services at the sixth grade level, *id.* at 34.

23        [6] It is worth noting that the regulations require psychological tests to be performed by a
     qualified specialist that is currently licensed by the State to administer, score, and interpret
24   psychological tests.  Listing 12.00.  The ALJ made no mention of the test performed by Mr.
     Wang, let alone address Mr. Wang's qualifications to administer such a test.  *See McKnown v.*
25   *Shalala*, 5.3d 546 (10th Cir. 1993) ("IQ test should be administered and interpreted by a
     psychologist or psychiatrist qualified by training and experience to perform such an
26   evaluation.").

                                              7

plaintiff's mental impairments together, almost as if they were one single impairment.  The ALJ found that plaintiff "has the following severe impairments: learning disorder, borderline intellectual function, *and/or* dyslexia." AR 19 (emphasis added).  Thus, it is not entirely clear whether the ALJ found that plaintiff had a separate severe mental impairment, thereby satisfying the requirement for listing 12.05(C).

The evidence of record suggests that plaintiff may meet listing 12.05(C).  The issue, however, was not given adequate consideration.  The matter must therefore be remanded for the ALJ to make the appropriate findings.

IV.   CONCLUSION[7]

Based on the foregoing, IT IS ORDERED that:

1.  Plaintiff's motion for summary judgment is granted;

2.  The Commissioner's cross-motion for summary judgment is denied;

3.  The Clerk is directed to enter judgment in plaintiff's favor; and

4.  The matter is remanded for further proceedings consistent with this opinion.

DATED:  September 25, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[7]  As the court finds that remand is necessary to further evaluate the medical evidence of record, the court declines to adjudicate plaintiff's additional challenges to the ALJ's decision.