1  RICHARD A. WHITAKER
   State Bar #58618
2  2480 Hilborn Road, Suite 102
   Fairfield, California 94533
3  (707)427-2237
4
   Attorney for Plaintiff:
5  HARVEY WOOTEN JR.
6
7                     UNITED STATES DISTRICT COURT
8                     EASTERN DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| HARVEY WOOTEN JR, | Case No.  2:12-cv-426 EFB |
| Plaintiff, | STIPULATION AND ~~PROPOSED~~ ORDER FOR THE AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. 2412(d) |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security | |
| Defendant. | |

   IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees under the EAJA in the amount of FOUR THOUSAND-THREE HUNDRED-THIRTY ONE DOLLARS ($4,331.00).  This amount represents compensation for all legal services rendered on behalf of Plaintiff, to date, by counsel in connection with this civil action, in accordance with 28 U.S. C. 2412(d).

   After the Court issues an order for EAJA fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney.  Pursuant to Astrue v. Ratliff, 130 S. Ct. 2521 (2010), the ability to honor the assignment will depend on whether the fees and expenses are subject to any offset allowed under the United States Department of the Treasury's Offset Program.  After the order for EAJA fees and expenses is entered, the government will determine whether they are subject to offset.

1

Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal dept, then the government shall cause the payment of fees, expenses and costs to be made directly to Richard A. Whitaker, pursuant to the assignment executed by Plaintiff.  Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on part of Defendant under the EAJA.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. Section 406. subject to the offset provisions of the EAJA.

Respectfully Submitted October 18, 2013.

Respectfully submitted,

October 18, 2013                              */s/Richard A. Whitaker*

Richard A. Whitaker, Attorney for Plaintiff

October 18, 2013                              Benjamin B. Wagner
United States Attorney

By:

*/s/Sundeep Patel*
Sundeep Patel, Special Assistant US Attorney,
Attorneys for Defendant, Carolyn W. Colvin

ORDER

APPROVED AND SO ORDERED.

Dated:  October 23, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE